## JOHN HUNT v. THE STATE.

No. 4585. Decided February 10, 1909.

Local Option—Charge of Court—Requested Charge—Sale.

Where upon trial of a violation of the local option law the court's charge and that requested by the defendant upon the question of sale were practically the same, there was no error in refusing the requested charge.

Appeal from the County Court of Parker. Tried below before the Hon. R. L. Stennis.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and forty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for violating the local option law, the punishment assessed being a fine of $25 and forty days imprisonment in the county jail.

The alleged purchaser Parker testified that he and several other parties were in Weatherford at the Red Front Livery Stable, and wanted some whisky. That they made up a purse and witness took it and went to make the purchase. That he went to appellant's place of business and found him and asked him if he had any whisky. His reply was that he had nothing but "rotgut." Witness told him that he did not want that and went away. Subsequently he returned and told appellant he would take the "rotgut." Appellant handed it to witness and witness gave him $1.50, and told him to order him

some good whisky. He says he had not requested defendant to order him any whisky before this time, but Tom Killion had ordered him some whisky. Killion had previously had charge of the business; that is, before defendant had assumed control. The witness further stated, that he had appellant to order him some whisky and subsequently got it, but that it was after this case was filed and defendant arrested. On this state of case the court charged the jury: "If you believe from the evidence that the bottle of whisky referred to as 'rotgut' was not sold by defendant to said Parker, as alleged, or if you have a reasonable doubt thereof, you will acquit the defendant." Appellant requested the court to charge that, if they believe from the evidence that Parker gave appellant $1.50 at the time of the transaction for the purpose of having defendant order said witness a quart of whisky and not for the purpose of paying for whisky secured at said time by said Parker, then defendant would not be guilty. Appellant's requested instruction was refused. We are of opinion that the court sufficiently presented this matter in the charge given and that it was not necessary to give appellant's requested instruction. The charges, in our opinion, are in substance the same—that given by the court, perhaps, being fully as favorable, if not more so, to appellant than was the requested instruction.

It is contended the evidence is not sufficient. We do not believe this insistence is sustained by the record.

The judgment is affirmed.

*Affirmed.*